THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **PATRICIA GALVIN** | § § | **CIVIL ACTION NO. 19-00326** |
| **v.** | § § | |
| **WAL-MART STORES TEXAS, LLC** | § § | |

**PLAINTIFF, PATRICIA GALVIN'S
FIRST AMENDED ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Patricia Galvin, to file this her Plaintiff's First Amended Original Petition against Defendant, Wal-Mart Stores Texas, LLC and alleges as follows:

**A. PARTIES**

1. Plaintiff, Patricia Galvin is an individual that is a citizen of Texas.

2. Defendant, Wal-Mart Stores Texas, LLC, is a corporation that is incorporated under the laws of the state of Delaware. Defendant has its principal place of business in the State of Arkansas.

**B. JURISDICTION**

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount of controversy exceeds, $75,000, excluding interest and costs.

4. This matter was removed by Defendant from the 56th Judicial District Court, Galveston County, Texas based on the assertion of diversity under 28 U.S.C. §1332(a)(1).

5. Plaintiff did not object to removal.

**C. VENUE**

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

7. Specifically, Plaintiffs allege they suffered injuries at Defendant's Walmart Store #3298, 255 FM 518, Kemah, Texas 77565, which is located within this district.

### D. FACTS

8. On or about November 1, 2017, Plaintiff visited Walmart Store #3298, 255 FM 518, Kemah, Texas 77565, for the purpose of shopping.

9. After shopping in the woman's section of the store, Plaintiff began walking down the center aisle of the store towards to the electronics section.

10. While walking down the center aisle of the store towards electronics, Plaintiff felt her right foot begin to slip and slide, causing Plaintiff to fall.

11. Plaintiff subsequently fell onto her right leg, hip and arm. This fall was witnessed by another shopper, Ms. Patel, who stopped to assist Plaintiff in getting up.

12. Ms. Patel proceeded to get a manager to assist Plaintiff, and Plaintiff observed water in on the floor in the area she had slipped.

13. After Ms. Patel got a manager, documentation of the incident was completed.

14. As a result, Plaintiff suffered significant medical injuries, including a fracture.

### E. COUNT I-PREMISES LIABILITY

15. At all times mentioned herein, Defendant had such control over the premises that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

16. Plaintiff entered Defendant's premises with Defendant's knowledge and for their mutual benefit. Plaintiff was a customer shopping at Defendant's retail store.

17. A condition on Defendant's premises posed an unreasonable risk of harm. A slippery substance was located on the floor and in a location where customers were expected to traverse.

18. Defendant knew or reasonably should have known of the condition of the premises.

19. Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendant breached the duty of ordinary care by not thoroughly inspecting and observing customer areas for dangerous substances.

20. Defendant's breach of duty proximately caused injury to Plaintiff which resulted in the following damages:

   a. Physical pain and suffering, in the past and future;

   b. Mental anguish, in the past and future;

   c. Physical disfigurement, in the past and future;

   d. Physical impairment, in the past and future;

   e. Diminished capacity to enjoy life and society, in the past and future;

   f. Lost wages and loss of earning capacity which will in all likelihood persist for the rest of her life; and

   g. Reasonable and necessary medical expenses, in the past and future.

## COUNT II-NEGLIGENT UNDERTAKING

23.     Defendant undertook, gratuitously or for consideration, to render services to Plaintiff, which Defendant should have recognized as necessary for the protection of Plaintiff's person or things, under the Restatement (Second) of Torts §323.

24.     Defendant failed to exercise reasonable care to perform this undertaking, by not properly maintaining its premises, regularly inspecting its premises and creating and enforcing policies to regularly inspect and maintain the premises, including the area which Plaintiff suffered injury, thus increasing Plaintiff's risk of harm. Restatement (Second) of Tort §323.

25.     Further, Plaintiff relied upon Defendant's undertaking in a manner that exercised reasonable care, failure of which, resulted in Plaintiff suffering physical harm, under the Restatement (Second) of Torts §323. See *Colonial Sav. Assoc. v. Taylor*, 544 S.W.2d 116, 119 (Tex. 1976).

## DAMAGES

26.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following injuries and damages.

   a. Medical expenses in the past and future.

   b. Physical pain and mental anguish in the past and future.

   c. Lost earnings.

   d. Lost profits.

   e. Loss of earning capacity.

   f. Physical impairment in the past and future.

## PRAYER

WHEREFORE,  PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered

for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the court, together with pre-judgment interest at the maximum rate allowed by law post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**RAMJI LAW GROUP**

_____
Adam Ramji
Texas Bar No. 24045209
Chelsea Murfree
Texas Bar No. 24107873
Federal Bar No. 3367721
9816 Katy Freeway
Houston, Texas 77055
Telephone: (713) 888-8888
Facsimile: (866) 672-3372
E-service only: service@ramjilaw.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing instrument has been sent to all interested counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on this 29th day of January 2020.

John A. Ramirez
Curtlon Lee Warnock
Bush & Ramirez, PLLC
5615 Kirby Drive, Suite 900
Houston, Texas 77005

*/s/Chelsea Murfree*
Chelsea Murfree